UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
THE UPJOHN COMPANY,                        x    87 Civ. 5773 (SWK)
                                           x
            Plaintiff,                     x
                                           x
       -against-                           x    **ORDER ADOPTING REPORT**
                                           x    **AND RECOMMENDATION**
                                           x
MEDTRON LABORATORIES, INC., et al.         x
                                           x
            Defendants.                    x
                                           x
------------------------------------------X

**SHIRLEY WOHL KRAM, U.S.D.J.**

This action arises out of a longstanding attempt by Plaintiff Pharmacia & Upjohn Company ("Pharmacia") to enforce a judgment against Defendant Anthony Imbriolo. Both the facts and procedural history of this controversy have been described previously. See Report and Recommendation ("Report") at 1-5. Plaintiff now moves for: (1) a finding of civil and criminal contempt against nonparties Global Vision Products, Inc. ("Global") and its Chairman, Dr. Henry Edelson; (2) a compensatory sanction of $5,566,444.00 against Global and Edelson; and (3) attorney's fees and expenses incurred in securing compliance with the April 16, 2003 subpoena, the June 13, 2003 subpoena (together, the "Subpoenas") and the July 18, 2003 Order ("July 18 Order").

Plaintiff's motion was referred to United States Magistrate Court in accordance with 28 U.S.C. § 636(b)(1)(A),(B), and (C).

On July 28, 2005, United States Magistrate Judge Theodore H. Katz issued a Report, recommending that this Court: (1) hold Edelson and Global in civil contempt; (2) award Plaintiff the costs and attorney's fees incurred in securing compliance with the Subpoenas and the July 18 Order; and (3) refrain from holding Edelson or Global in criminal contempt.

Both parties object to portions of the Report. First, Global and Edelson request that Plaintiff submit an affidavit detailing its fee arrangement. Absent such a submission, they move the Court to reject Judge Katz's recommendation that they be held responsible for costs and attorney's fees. Global and Edelson base this objection on speculation that it is "quite conceivable" that Plaintiffs' counsel, Dreier LLP, represents Plaintiff on a contingency basis and that such an award "would clearly not be compensatory in nature."[1] See Global Br. at 2. Plaintiff also objects to a portion of the Report, arguing that the Court should sanction Global and Edelson an additional $5,566,444.00.

The Court adopts Judge Katz's Report in its entirety. A civil contempt sanction is appropriate when "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the

---

[1] The Court notes that in response to Global and Edelson's objection, Plaintiff volunteered that it has incurred--and paid--substantial attorney's fees. See Plaintiff's Resp. at 3.

-2-

contemnor has not diligently attempted to comply in a reasonable manner." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). In this case, Global and Edelson do not even object to Judge Katz's recommendation that they be held in civil contempt. See Global Br. at 1-3. Accordingly, Plaintiff should be compensated for losses caused by Global and Edelson's deliberate noncompliance. See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996).

Global and Edelson's request that Plaintiff disclose its fee arrangement is denied. When assessing attorney's fees as a civil sanction, there is no requirement that the fees must have already been paid. See Halderman v. Pennhurst State Sch. and Hosp., 533 F. Supp. 649, 654 (E.D.P.A. 1982)(reciting the authority of the Court to impose attorney's fees in connection with contempt proceedings). In fact, this Court and others have previously indicated that the risks inherent in contingency cases actually militate in favor of awarding attorney's fees. See In re Austrian & German Bank Holocaust Litig., 2003 U.S. Dist. LEXIS 2440, at *23 (S.D.N.Y. 2003, J. Kram)(stating that hurdles to recovery in a contingency case weighed in favor of attorney's fees); Detroit v. Grinnell Corp., 495 F.2d 448, 471 (2d Cir. 1971)(discussing the availability of a contingency bonus as a risk premium in a civil rights action); Kane v. Martin Paint Stores, Inc., 439 F. Supp. 1054, 1058 (S.D.N.Y.

1977)(stating "[i]t is appropriate to increase the basic hourly fee in proportion to the risk of failure, and hence of receiving no compensation at all"). The attorney's fees awarded in the Report can be directly linked to the evasive behavior of Global and Edelson. To preclude these fees would unfairly penalize Plaintiff's counsel and undermine the goals of the sanction.

The Court also adopts Judge Katz's recommendation that Global and Edelson should not be assessed any additional monetary sanctions. Though the money in the Ireland account appears to have been misappropriated by Imbriolo, it truly belonged to Global. See Report at 39; Imbriolo Dep. I at 109-10, 114; Edelson Dep. II at 260-01, 287-88, 319. As the Report states, "there is insufficient evidence to justify imposing a sanction that would essentially substitute Global and Edelson for Imbriolo as judgment-debtors in the underlying action." See Report at 40.

In accordance with Judge Katz's Report, Plaintiff is directed to submit affidavits detailing the time expended on the instant motion, the motion leading to the June 30, 2004 hearing, and Edelson's July 21, 2003 and July 15, 2004 depositions. These records should also include counsel's hourly rate of compensation and relevant costs. They must be received by the Court by September 21, 2005. Any challenges to the accuracy of

the submissions by contemnors are due September 30, 2005. See Mackler Prods., Inc. v. Cohen, 225 F.3d 136, 146 (2d Cir. 2000).


SO ORDERED.

/s/ Shirley Wohl Kram
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE


DATED:   New York, New York
         September 7, 2005